UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THERESA WARREN,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-00099

District Judge Walter H. Rice.
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court on Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply (doc. 9), the administrative record (doc. 6), and the record as a whole.[3]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

## I.

### A.    Procedural History

Plaintiff filed an application for SSI and DBI asserting disability as of December 8, 2012. PageID 72.  Plaintiff claims disability as a result of a number of impairments, including, *inter alia*, anemia, degenerative disc disease of the lumbosacral spine, asthma, anxiety, and depression.  PageID 75.

After initial denials of her applications, Plaintiff received a hearing before ALJ Gregory Kenyon on September 4, 2014.  PageID 94.  The ALJ issued a written decision on October 28, 2014 finding Plaintiff not disabled.  PageID 72-87.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.

2. The claimant has not engaged in substantial gainful activity since December 8, 2012, the alleged disability onset date (20 CFR 404.1571, *et seq.*, and 416.971, *et seq.*).

3. The claimant has the following severe impairments: anemia, degenerative disc disease of the lumbosacral spine, asthma, anxiety, and depression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity ["RFC"] to perform sedentary work[4] as defined at 20 CFR 404.1567(a) and 416.967(a) subject to the following additional limitations: (1) no more than occasional crouching, crawling, kneeling, stooping, balancing and

---

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or ... sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.* § 404.1567(b).

|   |   |
|---|---|
|   | climbing of ramps or stairs; (2) no climbing ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no concentrated exposure to temperature extremes or respiratory irritants; (5) limited to performing unskilled simple repetitive tasks; (6) no more than occasional contact with co-workers, supervisors, and the public; (7) no fast-paced production work or jobs involving strict production quotas; and (8) limited to performing jobs in a relatively static work environment in which there is very little, if any, change in job duties or work routine from day to day. |
| 6. | The claimant is unable to perform past relevant work (20 CFR 404.1565 and 416.965). |
| 7. | The claimant was born [in] 1976.  At age 38 she is classified as a 'younger individual' for Social Security purposes (20 CFR 404.1563 and 416.963). |
| 8. | The claimant has a 9th-grade or 'limited' education as defined for Social Security purposes (20 CFR 404.1564 and 416.964). |
| 9. | The claimant does not have 'transferable' work skills within the meaning of the Social Security Act (20 CFR 404.1568 and 416.968). |
| 10. | Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)). |
| 11. | The claimant was not 'disabled,' as defined in the Social Security Act, from December 8, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). |

PageID 75-87.

Thereafter, the Appeals Council denied review on February 23, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 51-56. Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

B. **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 75-79. Plaintiff, in her Statement of Errors, also summarizes the evidence of record. Doc. 7 at PageID 1483-87. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence and presents no objection to Plaintiff's summary. Doc. 8 at PageID 1504. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

## II.

A. **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the

Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability Defined"

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the

5

Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ failed to: (1) give appropriate weight to treating physician Scott Shaw, M.D.; (2) adequately account for her limited ability to maintain concentration, persistence, or pace in a hypothetical question asked of the Vocational Expert ("VE"); and (3) find her credible. Doc. 7 at PageID 1491-98. Finding error with regard to Plaintiff's first alleged error, the undersigned does not address the merits of Plaintiff's remaining contentions.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters who have examined the claimant multiple times over, generally, a period of months or years; (2) examiners who generally have seen the claimant on a single occasion; and (3) record reviewers who have never examined the claimant and, instead, have provided opinions based solely upon a review of medical records. *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Treaters are entitled to greater deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the

objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*.

Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions" -- *i.e.*, the opinions of examining and record-reviewing physicians -- with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Shaw, a family physician, began treating Plaintiff on May 13, 2014 for both physical and mental impairments. PageID 1432. With regard to Plaintiff's physical impairments, Dr. Shaw, in his treatment records, noted, on multiple occasions: lumbar spine tenderness (PageID

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

1425); paraspinal muscle spasm (*id.*); lower leg venous insufficiency, bruising, and tenderness (PageID 1425, 1428, 1430, 1433); antalgic gait (PageID 1425); and iron deficiency (PageID 481-865, 895-965, 1142-49, and 1160-1235) with lethargy, weakness, and dizziness (PageID 1169-96) requiring multiple blood and intravenous iron transfusions following a 2007 gastric bypass surgery.  PageID 481-865, 895-965, 1142-49.  Dr. Shaw further noted complaints of back pain (PageID 1363-1378) and right leg pain with weakness (PageID 1424, 1427).  On August 28, 2014, Dr. Shaw opined -- on an interrogatory form provided to him-- that Plaintiff would be absent from work more than three times per month as a result of her impairments.  PageID 1440.

      In weighing Dr. Shaw's opinion, the ALJ concluded that:

> the opinion of treating physician Dr. Shaw is given little weight.  His assertion that the claimant would likely be absent from work more than three times per month due to her impairments or treatment for such impairments is purely speculative and without any foundation in the medical record.  Dr. Shaw provided no objective medical evidence to support such a conclusion.  As noted by DDD reviewing physicians Dr. Lehv and Dr. Torello, the evidence of record documented only two required transfusions over the 12-month period prior to their assessments.  There is no compelling evidence to support Dr. Shaw's conjecture that the claimant would likely be absent from work more than three times per month.  His opinion in that regard is given little weight.

PageID 82 (internal citations omitted).  The undersigned agrees with Plaintiff that the ALJ erred in assessing Dr. Shaw's opinion.

      Initially, the Court notes that, in weighing Dr. Shaw's opinion, the ALJ failed to set forth the required controlling weight analysis, *i.e.*, whether the opinion was well-supported by objective evidence and not otherwise inconsistent "with the other substantial evidence in [the] case record."  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2).  While the ALJ made mention of "objective medical evidence" in critiquing Dr. Shaw's opinion, the criticism focused only on the fact that Dr. Shaw did not specifically

8

detail the "objective medical evidence" relied upon in reaching such opinion. PageID 82. Nowhere, however, does the ALJ find that the objective evidence otherwise contained in the record fails to support Dr. Shaw's conclusion.[6] *See* PageID 82, 1440. Thus, the ALJ's critique in this regard focuses solely on the "supportability" factor found in 20 C.F.R. § 404.1527(c)(3), which is a factor analyzed only after conducting the required controlling weight analysis. *See Gayheart*, 710 F.3d at 376.

With regard to consideration of whether Dr. Shaw's opinion was otherwise consistent "with the other substantial evidence in [the] case record[,]" *see* 20 C.F.R. § 404.1527(c)(2), the only specific evidence considered by the ALJ in critiquing Dr. Shaw's opinion is the purported conflict between his opinion and the findings of the record-reviewing physicians. *See* PageID 82. However, as held by the Sixth Circuit, conflicts between the opinions of a treater and a non-treater are not substantial evidence upon which the ALJ can rely in denying controlling weight to a treater's opinion. *Gayheart*, 710 F.3d at 377 (holding that "conflicting substantial evidence must consist of more than the medical opinions of the nontreating and nonexamining doctors" because "[o]therwise the treating-physician rule would have no practical force"). Even if properly considered, the undersigned finds that the ALJ failed to provide any meaningful explanation as to how the record-reviewers' findings wholly undermine Dr. Shaw's opinion.

Accordingly, the undersigned finds that the ALJ's failure to set forth a meaningful controlling weight analysis hinders this Court's ability to review "whether the ALJ properly applied the treating-physician rule that is at the heart of" 20 C.F.R. § 404.1527(c). *Id.* at 377

---

[6] In fact, the undersigned notes that the record contains objective and clinical findings supportive of Dr. Shaw's opinion. Specifically, Dr. Shaw noted that physical examinations revealed the following: lumbar spine tender right paraspinal and antalgic gait; lower leg venous insufficiency; and a review of systems "positive for fatigue." PageID 1425, 1428, 1430, 1433, 1436. The ALJ's failure -- to explain in any meaningful fashion how these objective and clinical findings fail to support Dr. Shaw's opinion -- further renders the ALJ's controlling weight analysis unsupported by substantial evidence.

(citations omitted).  Such failure amounts to reversible error.  *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (citation omitted).

Assuming that, *arguendo*, that the ALJ adequately conducted a "controlling weight" analysis -- which, as set forth above, the undersigned concludes he did not -- the ALJ nevertheless failed to provide "good reasons" for rejecting Dr. Shaw's opinion.  Without further explanation by the ALJ, it is unclear how Dr. Shaw's opinion was "purely speculative and without any foundation in the medical record" in light of the aforementioned objective signs and clinical findings.  *See supra* n.5; *see also* PageID 1440.

Further, insofar as the ALJ critiqued Dr. Shaw's failure to specifically explain or support his opinion on the form provided, the undersigned feels compelled to note that the form submitted to Dr. Shaw contains a single interrogatory question -- namely, "how often do you anticipate [Plaintiff's] impairments or treatment would cause [her] to be absent from work?" PageID 1440.  The form then directs Dr. Shaw to circle the most appropriate of four potential answers.  *Id*.  The relevant portion of the form is shown here:

> 1. On the average, how often do you anticipate that your patient's impairments or treatment would cause your patient to be absent from work?
>
>    Once a month or less     About twice a month
>
>    About three times a month     (More than three times a month)

*Id*.  Significantly, nowhere on the form was Dr. Shaw requested to provide specific support for, or an explanation of, the opinion requested.  *Id*.  It is not unreasonable, therefore, to conclude that Dr. Shaw omitted additional support for his opinion in the absence of a specific inquiry in that regard.

Based upon the foregoing, the Court finds the ALJ's assessment of Dr. Shaw's opinion unsupported by substantial evidence and meriting reversal.

10

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming, and therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings.

## V.

For the foregoing reasons, **IT IS RECOMMENDED THAT**: (1) the Commissioner's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this case be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:   February 6, 2017                                s/ Michael J. Newman
                                                                           Michael J. Newman
                                                                           United States Magistrate Judge

11

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).